THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MADISON DEVELOPMENT GROUP LLC,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL SINGELYN,<br><br>Defendant. | CASE NO. C17-1585-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for summary judgment (Dkt. No. 15). Having thoroughly considered the parties' briefing and the relevant record, the Court CONTINUES the motion for the reasons explained herein.

## I. BACKGROUND

Defendant Michael Singelyn is a Texas resident who entered into an August 3, 2016 development agreement with Plaintiff Madison Development Group LLC. (*See* Dkt. Nos. 16-1 at 2–3, 29-1 at 2–3.) Defendant was to "assist" Plaintiff in identifying, developing and leasing commercial real estate sites for Starbucks retail locations. (*Id.*) Defendant would locate parcels, ensure their feasibility for development and lease as Starbucks retail locations, and negotiate resulting Starbucks lease agreements. (*Id.*) Plaintiff would then purchase and develop the properties to be leased to Starbucks. (*Id.*) Single purpose entities ("SPE") would be established to

1 hold the properties, with each party having an equity interest. (*Id.*) If Plaintiff elected not "to
2 proceed with" the purchase and development of any particular site, Defendant could
3 independently do so. (*Id.*) Defendant was to receive monthly payments of $13,500, to be credited
4 against "any distributions that [Defendant] is entitled to receive from an SPE." (*Id.*) The
5 agreement was terminable by either party "at any time upon written notice." (*Id.*)

6 Plaintiff alleges Defendant said he could deliver at least four deals per year capable of
7 generating seven percent (7%) annual returns. (Dkt. No. 28 at 8.) Plaintiff also alleges it was
8 understood by both parties that Defendant would need to spend significant time with "boots-on-
9 the-ground" in California, the target market, to do so. (*Id.* at 9.) Instead, Plaintiff believes
10 Defendant evaluated opportunities "from afar by telephone, email and 'Google Earth.'" (*Id.*) As
11 a result, no deals were completed throughout the course of the agreement. (Dkt. Nos. 15 at 7, 28
12 at 9.) Plaintiff did not make the February 2018 monthly payment and, around that time,
13 Defendant independently negotiated two deals. (Dkt. No. 15 at 6, 17–22.) Defendant asserts he
14 independently negotiated the deals only after it was clear that the agreement was over and
15 Plaintiff did not wish to participate in them. (*Id.* at 26–27.)

16 Plaintiff brought breach of contract and breach of fiduciary duty claims. (Dkt. No. 1-2 at
17 4–5.) It alleges Defendant failed to diligently seek out deals satisfactory to Plaintiff and
18 independently negotiated deals without Plaintiff's authorization. (Dkt. No. 28 at 10, 23–24.)
19 Defendant counters that he did not breach the agreement as written, he had no fiduciary duty to
20 Plaintiff, and he had no obligation to seek out Plaintiff's authorization before independently
21 negotiating the deals because Plaintiff indicated it was no longer interested in them. (Dkt. Nos.
22 15 at 24, 27; 31 at 3, 7.) Defendant moves for summary judgment. (Dkt. No. 15.) Plaintiff
23 counters that summary judgment is improper because there are disputed material facts and moves
24 to continue Defendant's motion as premature. (Dkt. No. 28 at 15, 18, 20, 24.)
25 //
26 //

## II. DISCUSSION

As a threshold matter, the Court must determine whether the agreement, as written, clearly reflects the objective intent of the parties. If it does, extrinsic evidence of the parties' intent is inadmissible. *Brogan & Anensen LLC v. Lamphiear*, 202 P.3d 960, 961–62 (Wash. 2009). The agreement calls for Defendant to "assist [Plaintiff] in identifying potential sites for the development of Starbucks stores, including . . . procuring leases on terms acceptable to the company." (Dkt. Nos. 16-1 at 2, 29-1 at 2.) Plaintiff asserts that the parties intended this "assistance" to reflect a minimum flow of deals with terms acceptable to Plaintiff, implying that Plaintiff would spend significant time in California to attain this goal. (Dkt. No. 28 at 3.) Defendant argues Plaintiff is adding new express terms to the agreement. (Dkt. No. 31 at 3.) The Court disagrees. The terms as written are sufficiently ambiguous that extrinsic evidence is necessary to determine the parties' objective intent. *See Brogan & Anensen LLC*, 202 P.3d at 961–62. The agreement also provides that Defendant must "present potential development sites to [Plaintiff] . . . before presenting them to any other party." (Dkt. Nos. 16-1 at 2, 29-1 at 2.) Again, this language does not clearly indicate whether the parties intended that an affirmative communication from Plaintiff would be required before Defendant could independently negotiate on a property. Accordingly, the Court will consider extrinsic evidence for purposes of a summary judgment ruling.

The Court must next consider whether summary judgment would be premature. Plaintiff provides a declaration from counsel noting that the parties are only one-third of the way into their allotted time for discovery and additional discovery is necessary to fully respond to Defendant's allegations regarding the nature of the agreement and Plaintiff's performance pursuant to the agreement. (Dkt. No. 30 at 1–2.) Such discovery would include Defendant's deposition testimony, as well as document production for the deals that Defendant independently negotiated. (*Id*.) "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may defer considering the

motion." Fed. R. Civ. P. 56(d). Counsel's declaration identified specific information not yet in its possession that could preclude summary judgment. Therefore, the Court finds that summary judgment is premature. As a result, the Court need not consider Plaintiff's substantive arguments in opposition to summary judgment or the extrinsic evidence it includes to support its interpretation of the key terms of the agreement.[1]

### III. CONCLUSION

For the foregoing reasons, Defendant's summary judgment motion (Dkt. No. 15) is CONTINUED. The Court DIRECTS the Clerk to re-note the motion to August 15, 2018, the deadline for dispositive motions in this matter. Plaintiff may file a supplemental response in opposition to Defendant's motion consistent with Local Rule 7, unless Defendant chooses to withdraw the motion. Plaintiff's supplemental response may not exceed eight (8) pages, excluding pages allotted to exhibits, and may only address arguments supported by evidence gathered *after* March 8, 2018—the date Defendant previously moved for summary judgment. Defendant's reply may not exceed four (4) pages, excluding pages for exhibits.

DATED this 27th day of April 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] Nor do Plaintiff's substantive arguments moot its argument that summary judgment is premature. *See Play Visions, Inc. v. Dollar Tree Stores, Inc.*, Case. No. C09-1769-MJP, slip. op. at 2 (W.D. Wash. Mar. 1, 2011) (motion to continue not mooted by party's substantive opposition to summary judgment).